BANK OF SALINE, Appellant, v. EMILY A. WINGFIELD, Respondent.

Kansas City Court of Appeals, January 11, 1897.

1. **Bills and Notes:** PAYMENT. When the maker of a note leaves the money to pay the same where the payee demanded it should be left, the transaction amounts to payment, and is a defense to the note in the hand of an assignee after due.

2. **Instructions:** OMITTING FACTS PROVEN. An instruction that does not cover material facts shown in evidence, is misleading and properly refused.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Leslie Orear* for appellant.

(1)    There was no evidence whatever offered by the defendant, or introduced at the trial, tending to show payment of the note sued on, or to show that the witness Samples was substituted by agreement as the debtor of the payee of the note, and that the makers had been thereby released. Short merely notified Samples that he held a lien for the corn grown on the premises, and advised him to hold the money back for him. He did not agree to release the sureties on the note or agree that anything short of actual payment of the note should satisfy it. *Barnes v. Ins. Co.*, 56 Minn. 38; *Murphy v. Carnaha*, 50 Wis. 485.    (2)    To constitute a payment, there must be an unconditional application of money or property by the debtor, accepted by the creditor in discharge of a debt. There is no pretense that any such state of case exists here. It needs no citation of authorities to establish this well understood doctrine. *Land Co. v. Rhodes*, 54 Mo. App. 129; *Barnes v. Ins. Co.*, 56 Minn. 38.    (3)    Instruction 3, prayed for by the plaintiff, should have been given. It correctly declares the law on the state of facts there presented, and is predicated on the evidence of the witness Samples.    (4)    A mere inspection of the evidence, and of this instruction, is sufficient to work a reversal of this case.    *Stemwender v. Creath*, 44 Mo. App. 356; *Railroad v. Stock Yard Co.*, 120 Mo. 541.    (5)    There is no evidence here that the assignor of the note ever intended to accept Samples as his debtor instead of defendant, or to release the makers of the note from liability, so that Mr. Samples could not be changed into a debtor of Short by the mere service upon him of notice that he held a lien against part of the corn sold to Samples and thereby release the makers of the note from liability on the instrument sued on.    *Barnes v.*

*Ins. Co.*, 56 Minn. 38; *Reid v. Deguier*, 82 Ill. 508; *Flynn v. Bridge Co.*, 42 Mo. App. 529.

*A. F.. Rector* for respondent.

(1) Short had a landlord's lien for $130, and notified Samples of same, and requested him to hold it. It was the duty of Short to notify him of the lien, and after notice he had the absolute right to hold the purchase price of all the corn raised on the Short land, amounting, according to the evidence, to the sum of $70, and had the right to pay same to short, without the consent of Miss Wingfield, in order to discharge the lien, and, if sued by Miss Wingfield for same, the fact that he had paid it to Short, and discharged the lien, would have defeated her action. (2) But aside from Sample's right to hold the $70, he was positively authorized by Short to hold all of the rent, $130, and Miss Wingfield consented that he do so, and Short was notified that it had been left for him.

ELLISON, J.—This is an action on a promissory note for $130, payable to one Short, who sold it to plaintiff after due. The note was given for rent of land belonging to Short, the defendant being his tenant. Defendant raised a crop of corn and sold it to one Samples. Before Samples paid defendant for the corn, he was notified by Short that he (Short) held a landlord's lien, and for him to hold back $130, the amount thereof. Samples, in making settlement with defendant, with her consent, retained the $130 represented by the note, as directed by Short. The judgment below was for defendant.

Plaintiff having obtained the note after due, holds it subject to the defense made. That defense, which

was substantially as we have stated the facts, was submitted to the jury in an instruction offered by defendant.    When Short directed Samples to retain the rent money in his settlement with defendant, and she consented thereto, and left that amount in Samples' hands, it was a discharge of the note.  Defendant left the money where Short demanded it should be left.   The transaction was simply a payment to Short of the amount due him, to the party he directed to receive it.

BILLS and notes: payment.

It is true that a portion of the testimony tends to show that after Short notified Samples to hold the money for him, the defendant told him to hold it until her judgment against Short for damages was settled. So there was evidence tending to show that defendant's agent told him to hold it until further orders.   But if defendant's agent is to be believed, there were no conditions attached to the transaction, and the jury found in favor of the latter hypothesis, as stated in defendant's instruction.   Plaintiff attempted by instruction number 3 to put the conditional character of defendant's consent that Samples could retain the money for Short, but, as framed, it was misleading, and was, for this, if for no other reason, properly refused. It assumes that Short only told Samples that he had a lien on the crop; whereas, all the testimony shows that he also told him to hold the money.

INSTRUCTIONS: omitting facts proven.

The garnishment proceeding in a suit for damages (which, it seems, this defendant had against Short), wherein this money left with Samples for Short was garnished as Short's money, is really in no way involved in this case.  It was introduced in evidence, but could do no good or harm.   The judgment is affirmed. All concur.